UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE DOUGLAS METZ, II

    Plaintiff,

v.                                                                          Case No. 6:19-cv-2372-CEM-EJK

ORANGE COUNTY SHERIFF JOHN W.
MINA, Individually and as Orange County
Sheriff, CORPORAL PATRICIO GORIS,
Badge 5001 and SERGEANT ROBERT
SVITAK, Badge 1272,

    Defendants.
_____/

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
MINA'S MOTION TO DISMISS AMENDED COMPLAINT**

The Plaintiff, GEORGE DOUGLAS METZ, II ("Metz"), responds as follows to Defendant ORANGE COUNTY SHERIFF JOHN W. MINA's ("Mina") Motion to Dismiss Amended Complaint:

I.     The Plaintiff's *Monell* Claim

In Count III of his Amended Complaint, Metz asserts that Sheriff Mina is responsible for the deprivation of Metz's constitutional rights by officers employed by Defendant Mina. As such, constitutional deprivations were the result of a custom or practice tolerated by Defendant Mina. Defendant Mina claims that Metz has failed to plead factual allegations sufficient to support an official capacity claim against him. The Amended Complaint, however, does, indeed, set forth a short and plain statement of Metz's official capacity claim against Defendant Mina which gives rise to Metz's entitlement to relief. (See Fed.R.Civ.P. 8(a)(2)). Count III of the Amended Complaint does, indeed, set forth sufficient allegations to support an official capacity

claim against Defendant Mina. Specifically, paragraph 4 of the Amended Complaint alleges that Defendant Mina, while acting under color of law, intentionally authorized, permitted and tolerated the custom and practice of his deputies, including the Defendants Goris and Svitak, of arresting citizens who are lawfully on public property. Metz further alleges in paragraph 24 of the Amended Complaint that such custom and practice resulted from Defendant Mina's failure to appoint, promote, train and supervise his deputies regarding a citizen's right lawfully to enter and traverse public property without being subject to arrest for trespass. Although Defendant Mina seeks to characterize these allegations as "conclusory," they are allegations of fact which, for purposes of ruling on Defendant Mina's Motion to Dismiss, must be taken as true. Metz has pleaded sufficient allegations to comply with the pleading requirement set forth in Fed.R.Civ.P. 8(a)(2) and, as such, Defendant Mina's Motion to Dismiss Count III of the Amended Complaint should be denied.

II.     Sovereign Immunity

Defendant Mina maintains that he is entitled to sovereign immunity as to Metz's claim that Defendant Mina failed to provide adequate training of his deputies, including Defendants Goris and Svitak. Defendant Mina correctly notes that in order to state a claim for negligent training, Metz must allege facts sufficient to show that Mina was negligent in the implementation or operation of the training at issue, i.e., training relating to the rights of citizens to access and traverse public property. See, *Mercado v. City of Orlando*, 403 F.3d 1152, 1162 (11th Cir. 2005). Metz complains, at paragraph 24 of the Amended Complaint that Defendant Mina failed to provide any training to his deputies, including Defendants Goris and Svitak, as it relates to the rights of citizens such as Metz to enter and traverse public property without facing arrest for

trespass. It is the failure to train that is being alleged, and not a mere deficiency in the manner or quality of such training.

Defendant next argues that he is entitled to immunity from tort liability inasmuch as his decisions regarding training involve matters of governmental discretion to which the waiver of sovereign immunity does not apply. See *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. Fla. 2001). Defendant Mina's argument in this regard is well taken only insofar as it applies to Metz's state law claim and not to his *Monell* claim.

III. Conclusion

Based on the foregoing, the Court is urged to enter an order denying Defendant Mina's Motion to Dismiss Metz's *Monell* claim and granting the Motion to Dismiss as it relates to the state law claim set forth in Court VI of the Amended Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2020, I electronically filed this document with the Clerk of the Court by using the CM/ECF System, which will forward electronic copies to Bruce R. Bogan, Esquire (bbogan@hilyardlawfirm.com), and to Melissa J. Sydow, Esquire (mysdow@hilyardlawfirm.com), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, FL 32802-4973.

/s/ Vincent R. Pawlowski
VINCENT R. PAWLOWSKI, ESQUIRE
litigation@megajustice.com
Florida Bar Number 0747718
The Pawlowski Mastrilli Law Group
1718 E. 7th Ave., Suite 201
Tampa, FL 33605
(813) 242-4404