UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE DOUGLAS METZ, II

    Plaintiff,

v.     Case No. 6:19-cv-2372-CEM-EJK

ORANGE COUNTY SHERIFF JOHN W.
MINA, Individually and as Orange County
Sheriff, CORPORAL PATRICIO GORIS,
Badge 5001, and SERGEANT ROBERT
SVITAK, Badge 1272,

    Defendants.
_____/

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS GORIS AND SVITAK'S MOTION TO DISMISS AMENDED COMPLAINT

The Plaintiff, GEORGE DOUGLAS METZ, II ("Metz"), responds as follows to the Motion to Dismiss Amended Complaint of Defendants Corporal Patricio Goris ("Goris") and Sergeant Robert Svitak ("Svitak"):

I.    <u>Metz's Negligence Claim Against Defendants Goris and Svitak</u>

Defendants Goris and Svitak maintain that the Amended Complaint fails to allege facts sufficient to establish, if such allegations are taken as true, that either Defendant Goris or Defendant Svitak was negligent when they effectuated the arrest and detention of Metz. Paragraphs 10 through 14 of the Amended Complaint establish all of the elements of the negligence claim, i.e., duty, breach of duty and injuries caused by the breach of duty. Defendants Goris and Svitak, both sworn law enforcement officers, owed a duty to Metz to allow Metz lawfully to enter and traverse public property. The Amended Complaint alleges

Defendants Goris and Svitak breached their duty to Metz by wrongfully arresting Metz and that the deprivation of Metz's freedom occasioned by such arrest flowed from the breach of Defendant Goris and Defendant Svitak's duty to Metz.

II.   Statutory Immunity

Defendants Goris and Svitak are entitled to immunity from suit on Metz's negligence claim pursuant to Florida Statute § 768.28(9)(a).  Such immunity, however, only protects those public employees whose actions are merely negligent and were not the result of ill will, hatred, spite or evil intent.

Metz recognizes that he cannot recover for the same acts of negligence against Defendant Mina and against Defendants Goris and Svitak.  Yet in order to allege, in good faith, that Goris and Svitak were motivated by the requisite level of ill will against him when they determined to carry out the wrongful arrest, Metz must at a minimum, have an opportunity to question the defendants, under oath, regarding why they decided to arrest him.

II.   Conclusion

The Court is urged to enter an order dismissing Count V of the Amended Complaint with leave to reassert the negligence claim against Defendants, Goris and Svitak, if appropriate, after these defendants have been deposed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2020, I electronically filed this document with the Clerk of the Court by using the CM/ECF System, which will forward electronic copies to Bruce R. Bogan, Esquire (bbogan@hilyardlawfirm.com), and to Melissa J. Sydow, Esquire

(mysdow@hilyardlawfirm.com), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, FL 32802-4973.

   /s/ Vincent R. Pawlowski
VINCENT R. PAWLOWSKI, ESQUIRE
litigation@megajustice.com
Florida Bar Number 0747718
The Pawlowski Mastrilli Law Group
1718 E. 7th Ave., Suite 201
Tampa, FL 33605
(813) 242-4404