UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GEORGE DOUGLAS METZ, II,**

      **Plaintiff,**

v.                                        Case No. 6:19-cv-2372-CEM-EJK

**JOHN W. MINA, PATRICIO GORIS, ROBERT SVITAK, and SERGEANT JOHNSON,**

      **Defendants.**
_____/

### ORDER

THIS CAUSE is before the Court on the Motion to Dismiss Amended Complaint of Defendants, Sergeant Robert Svitak and Corporal Patricio Goris ("Svitak and Goris's Motion," Doc. 32) and on the Motion to Dismiss Amended Complaint of Defendant, Sheriff John W. Mina ("Mina's Motion," Doc. 33). For the reasons set forth below, Svitak and Goris's Motion will be granted, and Mina's Motion will be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff alleges that he was in a public area outside the Orange County Booking and Release Center ("Center") videotaping the activities occurring in and around the Center when he was approached by Defendant Sergeant Robert Svitak,

who requested that Plaintiff produce identification. (Am. Compl., Doc. 27, at 2–3). Plaintiff apparently refused to do so. A short time later, Svitak and Defendant Corporal Patricio Goris re-approached Plaintiff and again asked for his identification, notifying Plaintiff that he was being issued a trespass warning. (*Id.* at 3). Plaintiff again refused to produce his identification and was arrested by Goris and Svitak for trespassing and resisting arrest without violence. (*Id.*). While being processed, Plaintiff alleges that an individual only identified as "Sergeant Johnson" "berated" Plaintiff, and while Plaintiff was in handcuffs, "purposely and forcefully thrust [Plaintiff's] arms upward, causing serious bodily injury to [Plaintiff]." (*Id.* at 1, 3–4). Plaintiff was in custody for approximately two days, and subsequently the charges against him were dismissed. (*Id.* at 4).

Plaintiff now brings seven claims against Defendants. Plaintiff's first three claims are brought pursuant to 42 U.S.C. § 1983 for false arrest against Goris and Svitak (Count I), for excessive force against Johnson (Count II), and for a "constitutional claim" against Mina in his official capacity as the Sheriff of Orange County (Count III). (*Id.* at 4–6). Plaintiff brings his remaining claims under Florida law, specifically assault and battery against Johnson (Count IV), negligence against Svitak, Goris, and Johnson (Count V), assault and battery against Mina (Count VI), and negligence against Mina (Count VII). (*Id.* at 6–8). Goris and Svitak have moved

to dismiss the negligence claim asserted against them, and Mina has moved to dismiss the § 1983 and negligence claims asserted against him.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review

must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.  ANALYSIS

#### A.  Counts V and VII—Negligence Against Goris, Svitak, Johnson, and Mina

As an initial matter, Plaintiff agrees that, as currently pleaded, Goris and Svitak are entitled to statutory immunity under section 768.28(9)(a), Florida Statutes, on the negligence claim asserted against them. Plaintiff also concedes that Mina is entitled to sovereign immunity as to the negligence claim asserted against him. Therefore, Counts V and VII[1] are due to be dismissed.[2]

#### B.  Count III—§ 1983 Claim Against Mina

Count III is asserted against Mina in his official capacity, seeking to hold the municipality liable for the actions of Goris, Svitak, and Johnson set forth in Counts I and II.[3] It is axiomatic that municipalities cannot be "vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

---

[1] Although Plaintiff references Count VI in his Response, (Doc. 40 at 3), he is clearly discussing the negligent training claim set forth in Count VII, (*id.* at 2–3).

[2] Plaintiff requests that the Court grant leave to amend if Plaintiff determines it is appropriate to do so after deposing Goris and Svitak. The Court will not grant such a blanket request. If Plaintiff determines amendment is appropriate, he must seek leave to do so under the Federal Rules of Civil Procedure.

[3] "Where, as here, an officer is sued under § 1983 in his official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Martin v. Wood*, 648 F. App'x 911, 914 (11th Cir. 2016) (quotation omitted).

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Id.* (quoting 42 U.S.C. § 1983). Particularly, a plaintiff "must ultimately prove that the [municipality] had a policy, custom, or practice that caused the deprivation." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A policy includes "decisions of [the municipality's] duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)). A custom includes a practice that has "not been formally approved by an appropriate decisionmaker" but that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690–91). Taken together, a "municipality . . . may be held liable only if [the alleged] constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015).

*1.     Failure to Train*

Here, Plaintiff's first theory of liability is that the municipality failed to properly train and supervise its employees in the areas of issuing trespass warnings to citizens who are lawfully on public property and, reading the Amended Complaint liberally, in the area of using reasonable force on post-arrest detainees. (Doc. 27 at 6).

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *City of Canton*, 489 U.S. at 387. The Eleventh Circuit has held that such limited circumstances exist only "where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights." *Williams v. City of Homestead*, 206 F. App'x 886, 890 (11th Cir. 2006) (per curiam) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). "[A] plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants." *Gold*, 151 F.3d at 1350 (citing *City of Canton*, 489 U.S. at 388–89). "To establish . . . 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* Additionally, "[a] pattern of similar constitutional violations by

untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (quoting *Connick*, 563 U.S. at 62). However, evidence of prior incidents may not be required where "the need to train and supervise in the particular areas in issue [is] so obvious and the likelihood of constitutional violations [is] highly predictable so that liability attaches for [a] single incident." *Gold*, 151 F.3d at 1352–53.

Plaintiff makes no allegations here as to deliberate indifference. He does not allege any pattern of similar constitutional violations, nor does Plaintiff allege facts that make it so obvious that the failure to provide training amounted to deliberate indifference. Instead, the factual allegations only implicate the single incident at issue in this case, which is insufficient. *See Weiland*, 792 F.3d at 1329 (11th Cir. 2015).

### 2.   *Policy or Custom of Unreasonable Force*

Next, Plaintiff alleges that the Orange County Sheriff's Office has a policy of permitting employees to use unreasonable force in connection with the post-arrest processing of detainees. (Doc. 27 at 6). Insofar as Plaintiff relies on an affirmative policy, Plaintiff fails to actually identify the policy at issue. *See Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (defining "policy" as "a decision that is officially adopted by the municipality, or created by an official of such rank

that he or she could be said to be acting on behalf of the municipality"). Insofar as Plaintiff relies on an unofficial "custom," Plaintiff's allegations are conclusory and provide no factual basis from which it can be reasonably inferred that any alleged custom was so "longstanding and widespread" as to be "deemed authorized by the policymaking officials." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quotation omitted); *see also Sewell*, 117 F.3d at 489 (defining "custom" as "a practice that is so settled and permanent that it takes on the force of law").

Accordingly, Plaintiff fails to state a claim in Count III. Further, Plaintiff has not requested leave to amend as to this claim, and therefore, none will be granted. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

### C. Sergeant Johnson

Mina argues that the claims against him based on the actions of Sergeant Johnson must be dismissed because Johnson is not, and was not at the time, an employee of the Orange County Sheriff's Office. However, the Amended Complaint alleges otherwise, (Doc. 27 at 2), and at this stage, the Court must accept that factual allegation as true. Thus, Count VI will not be dismissed at this time.

However, there is an issue related to Johnson that must be addressed. Pursuant to Federal Rule of Civil Procedure 4(l)–(m), Plaintiff must effectuate service on Defendants within ninety days of filing the Complaint and file proof of the same. The docket contains no indication that Johnson was ever served, and the time to do so has passed. Therefore, Plaintiff will be ordered to show cause as to why the remaining claims against Sergeant Johnson—Counts II and IV—and the related claim seeking to hold Mina liable for Johnson's actions—Count VI—should not be dismissed for failure to prosecute.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss Amended Complaint of Defendants, Sergeant Robert Svitak and Corporal Patricio Goris (Doc. 32) is **GRANTED**. Count V—Negligence Against Defendants Svitak, Goris, and Johnson is **DISMISSED**.

2. The Motion to Dismiss Amended Complaint of Defendant, Sheriff John W. Mina (Doc. 33) is **GRANTED in part** and **DENIED in part**.

    a. Count III—Constitutional Claim Against Defendant Mina, and Count VII—Negligence Against Defendant Mina are **DISMISSED**.

    b. The Motion is otherwise **DENIED**.

3. **On or before March 29, 2021**, Plaintiff shall **SHOW CAUSE** as to why the claims involving Sergeant Johnson—Counts II, IV, and VI—should not be dismissed for failure to prosecute. Failure to respond may result in the dismissal of these claims without further notice.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record